**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CARMEN COX,**<br>**M43682,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LT. NICK MERCER,**<br><br>**Defendant.** | ) | **Case No. 26-cv-932-MAB** |

**MEMORANDUM & ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff Carmen Cox, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff argues Defendant Mercer used excessive force against him in August of 2025 and then prepared a false disciplinary report to cover-up the incident.

The Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that on August 27, 2025, Defendant Mercer approached his cell in the North Uppers cellhouse at Menard, and, without speaking Mercer began to deploy pepper spray into Plaintiff's cell. (Doc. 1 at 3). Plaintiff struggled through the chemical mist to approach the front of the cell so that Mercer could cuff him, but as he approached Mercer sprayed him directly in the face. Plaintiff alleges that prior to being sprayed, Mercer did not give any commands that he failed to follow. Plaintiff alleges that Mercer's use of pepper spray amounted to excessive force. (Doc. 1 at 3).

Additionally, Plaintiff alleges that later the same evening he received a disciplinary ticket wherein Mercer falsely accused him of attempted staff assault, disobeying a direct order, and contraband or unauthorized property. (Doc. 1 at 4). Plaintiff claims that at the adjustment committee hearing he denied responsibility for any of the charges, but he was ultimately found guilty and received 45 days in segregation and 6 months of C-grade status. (Doc. 1 at 4-5). Plaintiff alleges that Mercer violated his right to due process by falsifying the disciplinary ticket. (Doc. 1 at 5). Plaintiff seeks monetary compensation. (Doc. 1 at 6).

Plaintiff also included documents reflecting his effort to grieve the incident. He alleges that though he filed a timely grievance and sought many status updates, he has

not received a response in over nine months, rendering the process unavailable. (Doc. 1 at 8-12).

Based on the allegations in the Complaint, the Court designates the following claims:

**Claim 1:** **Eighth Amendment excessive force claim against Defendant Mercer for using pepper spray on August 27, 2025;**

**Claim 2:** **Fourteenth Amendment Due Process claim against Defendant Mercer for allegedly fabricating the disciplinary report after using pepper spray on August 27, 2025.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.** Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

### Claim 1

Plaintiff alleges that Mercer gratuitously sprayed him with pepper spray twice on August 27, 2025, without any warning or provocation. An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim is not the severity of the injury, but whether the force used was

'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Plaintiff's allegations are sufficient to proceed against Mercer on Claim 1.

**Claim 2**

To establish a due process claim related to disciplinary proceedings, an inmate must demonstrate: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). The caselaw on what amounts to a deprivation of a liberty interest is vast and evolving. *See e.g., Jackson v. Anastasio*, 2025 WL 2437947 at * 5-8 (7th Cir. Aug. 25, 2025) (finding that three months of disciplinary segregation with deplorable conditions such as a cell coated with feces and urine, constant noise, water contaminated by Legionnaire's, and mice and roaches and mice were sufficient conditions to invoke a protected liberty interest). When analyzing whether disciplinary segregation implicates a protected liberty interest, courts consider "the 'combined import of the duration of the segregative confinement *and* the conditions endured.'" *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024) (quoting *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). "[T]he facts matter." *Lisle*, 933 F.3d at 721.

In considering the process that must be afforded to Plaintiff, the Seventh Circuit has recently indicated in a pair of cases that an inmate is only entitled to informal due process if he does not lose good-time credit. Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written statement or hearing. *Ealy*, 109 F.4th at 965; *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024) (majority opinion of St. Eve, J.) (finding

that an inmate is only entitled to informal due process for any disciplinary proceeding that does not result in the loss of good-time credit).

Here, Plaintiff did not lose good-time credit, so he was entitled to informal due process. He was clearly afforded notice of the disciplinary charges, and an opportunity to present his view at the adjustment committee hearing. This is all that was required via the informal due process standards. To the extent that Plaintiff faults Mercer for falsifying the discipline, an inmate cannot maintain a false discipline claim if he ultimately receives a proper disciplinary hearing. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (finding that an inmate cannot maintain a claim alleging that the basis for his discipline was false where he receives the procedural due process protections in a disciplinary hearing). Under *Hanrahan* and the informal due process standards, Claim 2 cannot proceed.

## DISPOSITION

**Claim 1** may proceed against Defendant Mercer, but **Claim 2** is dismissed without prejudice as insufficient to state a claim.

The Clerk of Court is **DIRECTED** to prepare for Defendant Mercer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the

Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2(b), Defendants need only respond to the issues stated in this Merits Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it may involve the exchange of medical records.

**IT IS SO ORDERED.**

**DATED: October 1, 2026**

Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.